## BUSTER PHILLIPS V. THE STATE.

No. 21147. Delivered June 19, 1940.
Rehearing Denied October 16, 1940.

The opinion states the case.

B. F. Word, of Meridian, E. T. Adams, of Glen Rose, and J. A. Johnson, of Stephenville, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the offense of maiming in that he put out the eye of the prosecuting witness, and was by the jury sentenced to serve a term of three years in the penitentiary.

There are no bills of exception in the record, but appellant insists that the indictment is insufficient to charge the offense, and should have been quashed, and that the evidence is insufficient to show his guilt.

The facts are brief and consist alone in evidence given by the State's witnesses, appellant offering no testimony.

It is shown from the evidence that on Halloween night, October 31, 1939, appellant and a friend were in attendance at a store owned and run by the father-in-law of the complaining witness, whose name was Mr. McMichael. The mother-in-law of McMichael had ordered appellant out of the store where he had been creating some kind of a disturbance. This seemed to have displeased appellant, as was evidenced by his invitation to the mother-in-law to "send any of your kinfolks on the outside then." Later Mr. McMichael with his wife took two of his sisters-in-law and some children in a pick-up truck to their home, appellant and a companion having just previously left the store on a horse, riding bareback. McMichael took the sisters-in-law to their home, and when returning he came to a bridge on the road, and on the bridge there was piled some rocks, both small and large, and he slowed down the car, at which time appellant appeared from a ditch on the side of the approach to such bridge and threw a rock into the windshield of such car, the broken glass and portions of the rock striking McMichael in his eyes, as well as cutting and bruising his face. From the effects of such wounds the witness lost the sight of his right eye. Appellant was positively identified by both Mr. McMichael and his wife as the person who threw the rock into the car, and pieces of the rock were found in the car. There were also footprints made near the scene of the offense that were identified as being similar to ones made by appellant, as well as other circumstances that were strong enough that taking the testimony as a whole it was convincing to the jury of appellant's guilt.

The statute on maiming reads as follows, Art. 1166, P. C.: "Whoever shall wilfully and maliciously cut off or otherwise deprive a person of the hand, arm, finger, toe, foot, leg, nose or ear, or *put out an eye* or in any way deprive a person of any other member of his body shall be confined in the penitentiary not less than two nor more than ten years."

We do not think that the meaning of such statute is restricted to the depriving a person of the eyeball itself, but that the deprivation of the sight of an eye means to *put out an eye,* as contemplated by Art. 1166, supra. We think the total destruction of the sight of an eye would constitute the offense of maiming as denounced by the statute.

The second count in the indictment is as follows: "* * * and the grand jurors aforesaid upon their oaths aforesaid do further present in and to said court that heretofore, to-wit: On the 31st day of October A. D. 1939, one Buster Phillips did then and there unlawfully in the county and State aforesaid, did willfully and maliciously deprive W. P. McMichael of a member of his body, to-wit: his right eye, by then and there wilfully and maliciously petting out his said eye with a rock, and the said Buster Phillips did then and there thereby maim the said W. P. McMichael against the peace and dignity of the State."

It was admitted that the word "petting" was but a typographical error and should have read "putting." We think the indictment was sufficient to charge an offense against the law relative to maiming.

Appellant offered no testimony whatsoever in defense of his action, nor any denial thereof. That the same was maliciously and wilfully done could be inferred from his actions by the jury seems plain to us.

Appellant contends, however, that the proof does not show the total loss of sight in the complaining witness' right eye because, among other things, the witness testified that the doctor had removed the lens from such eye about a week before the trial hereof. It is worthy of note however that the witness testified: "On last Wednesday a week ago he (the doctor) operated on my eye and took the lens out of it. I can not see out of that eye at all. I am totally blind in that eye. That is my right eye. That is the eye that I was hit in with the rock. This defendant Buster Phillips is the man that hit me in the eye with that rock."

We do not find any objection to the court's charge, nor do

we find any requested charges in the record, nor bills of exception of any kind. We do find a motion in arrest of judgment which can not operate, however, as an objection and exception to the court's charge.

Finding no error herein the judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, by his attorney, has filed an able motion for a rehearing in which he contends that we failed to take note of his objections to the court's charge and especially to the third paragraph thereof. He contends that Article 1166, P. C., under which this prosecution was brought requires that the act depriving a person of an eye, toe, hand, etc., must be wilfully and maliciously done; and he further contends that the court in his charge failed to so instruct the jury. We quote from said paragraph of the court's charge as follows: "Now, if you should find and believe from the evidence beyond a reasonable doubt, that on the 31st day of October, A. D., 1939, in Bosque County, Texas, one Buster Phillips did then and there unlawfully and in the County and State aforesaid, wilfully and maliciously deprive W. P. McMichael of a member of his body, to-wit, his right eye, etc."

Preceding this paragraph the court properly defined "wilfully" and "maliciously." It will thus be noted that the appellant's contention is without merit.

The issue of accident was not raised by any evidence; consequently, there was no necessity for an instruction thereon.

All other matters urged by appellant in his motion have been carefully reviewed and considered by us and are deemed to be without merit.

The motion is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.