JOSE MARIA CAVAZOS, JR., V. STATE.

No. 24331. April 13, 1949.
Rehearing Denied May 18, 1949.

*Polk Hornaday* and *Ben S. Hardy,* Harlingen, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Upon a charge of maiming appellant was found guilty and assessed a penalty of two years in the penitentiary.

Appellant was the constable in the community where he and the injured party were engaged, with others, in their social activities in some kind of a drinking place. It is immaterial to discuss the things that took place during the evening and will be sufficient to say that, according to the state's theory, appellant made an unwarranted assault on one Isaac Perez, as a result of which Perez lost the sight of his left eye. To the contrary, appellant made the contention that he was trying to arrest Perez who, after several struggles, evaded him and escaped in the darkness. There is no complaint that the charge failed to properly submit the case to the jury. The evidence sustains the jury in their finding of guilty.

Two questions are raised: First, that the indictment under which the appellant was convicted is fundamentally defective. A number of cases are cited by appellant to sustain his contention. We are not discussing them because this court has, in the case of Phillips v. State, 143 S. W. (2d) 591, 140 Texas Crim. Rep. 84, fully discussed the identical question and reference to that case will suffice to sustain the conclusion that the indictment is sufficient.

The second complaint is lodged against the ruling of the court in admitting into evidence a certain signed "purported confession and/or statement" made by the appellant to the county attorney some time prior to his arrest. We are unable to find from an analysis of this statement that any harm could result to appellant by reason of its introduction. It contains no admission of guilt and nothing contrary to the evidence presented by appellant on the trial. We find in it exculpatory statements but there is no contention that they are of sufficient importance to bind the state to an issue in the case.

The question which has given us more serious concern than those raised by appellant is a question of intent. The very things that appellant did, according to all of the evidence in the case, were intentional. The destruction of an eye came as a natural result of what was done. This is true whether it resulted in the immediate bursting of the eyeball or the infliction of injury which resulted in the loss of it. Again we refer to Phillips v. State, supra. The facts are so very similar that the discussion on that opinion may be applied with full force to the case now

before us. Phillips had had some difficulty with the injured party at a neighborhood store. He piled up some rock, large and small, on a bridge which the injured party was to cross later. As he did so Phillips threw the rock which resulted in the loss of an eye. The circumstances and the question of intent discussed in that case very clearly support the conclusion that the evidence was sufficient on the question of intent in the instant case.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that Phillips v. State, 143 S. W. (2d) 591, 140 Tex. Cr. R. 84, does not authorize holding the instant indictment sufficient.

If the word, "rock," as it appears in the indictment in the Phillips case, be substituted for the word, "pistol," as used in the instant indictment, we would have an indictment in all essentials as here presented.

The statement, or confession, the receipt in evidence of which appellant complains, was the ex parte affidavit of appellant made before the county attorney. It did not, upon its face, purport to be a confession made while under arrest.

The bill of exception certifies that appellant was not under arrest at the time he made the affidavit. The statement was therefore available to be used by the state in evidence.

In our original opinion it is stated that the conviction was for the offense of maiming. The conviction was for the offense of assault with intent to maim, under an indictment charging the offense of maiming.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.