## FRED COX V. STATE

No. 25431. November 14, 1951.

Hon. Fred W. Bankhead, Judge Presiding.

*A. G. Henry,* Kaufman, and *Burt Barr,* of Counsel, Dallas, for appellant.

*Robert K. Ramsey,* County Attorney, and *Jack Morgan,* Assistant County Attorney, Kaufman, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Seriously threatening a serious bodily injury is the offense; the punishment, thirty days in jail and a fine of $500.

The charging part of the information alleged that appellant "did then and there unlawfully and seriously threaten to inflict upon A. J. Paschall, a human being, serious bodily injury, to wit, did threaten to maim the said A. J. Paschall by stomping him on or about his head."

The use of the term, "on or about," in an indictment or information has been uniformly condemned as alleging neither "on" nor "about." This is demonstrated by the unbroken line of decisions that the use of the term, "on or about," in the pistol-carrying statute, fails to charge a violation of this statute (Branch's P. C., Sec. 967) because it charges neither on nor about the person. Such holding renders the allegation, here, of "on or about his head," so vague, indefinite, and uncertain as to be meaningless.

This conviction, then, must of necessity rest upon the allegation in the information that appellant "did threaten to maim the said A. J. Paschall by stomping him . . . ."

Maiming is not an offense, eo nomine. The statute, Art. 1166, P. C., known as the maiming statute, does not say or provide that one violating the provisions thereof is guilty of the crime of maiming or that the crime of maiming is denounced by the statute. Said statute reads as follows:

"Whoever shall wilfully and maliciously cut off or otherwise deprive a person of the hand, arm, finger, toe, foot, leg, nose, or ear, or put out an eye or in any way deprive a person of any other member of his body shall be confined in the penitentiary not less than two nor more than ten years."

The statute is definite and certain that in order to constitute a violation thereof a member of the human body must be "cut off," or the use thereof otherwise deprived to person. Mere injury, serious or otherwise, to one's person does not constitute a violation of the statute unless the injury inflicted cuts off or deprives one of the use of some member of the body—such as the putting out of an eye without removing the eyeball. Phillips v. State, 140 Tex. Cr. R. 84, 143 S. W. 2d 591.

It is in the light of these contentions that the sufficiency of the information must be tested. The allegation in the information that the appellant "did threaten to maim" must, in order to meet the requirement of definiteness in a state's pleading, be accompanied by some explanatory averment or allegation as to what acts the accused threatened to commit, upon which the state relies to constitute a threat to maim. If it be conceded that the use of the term, "maim," in the information referred to Art. 1166, P. C., it is apparent that the offense there denounced is capable of being committed in as many different ways as there

are members of the human body capable of being "cut off" or the use destroyed.

It is thus demonstrated that in order to charge the crime of seriously threatening to commit the crime of maiming, there must be some allegation identifying the member or members of the body threatened to be cut off or destroyed.

The information in this case is so vague and indefinite that it fails to allege the constituent elements necessary to charge the crime for which appellant stands convicted.

The judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the court.