## W. T. Blackmon, Tax Assessor-Collector of Jefferson County et al v. Mrs. Adolph S. Hansen.

No. 8035.  Decided March 10, 1943.
(168 S. W., 2d Series, 962.)

*Gerald C. Mann,* Attorney General, *Cecil C. Rotsch,* Assistant Attorney General, for petitioners.

It was error for the Court of Civil Appeals to hold that inheritance taxes claimed by the State could be paid to the county tax collector under protest and that a suit could be maintained to recover tax under Article 7057b, Vernon Statutes. State v. Coulon, 197 La. 1958, 3 So. (2d) 241; Lewis v. O'Hair, 130 S. W. (2d) 379.; Martin v. McAllister, 94 Texas 567, 63 S. W. 644, 56 L. R. A. 585.

*Orgain, Carroll & Bell,* of Beaumont, for respondents.

On the issues involved: Rainey v. Malone, 141 S. W. (2d) 713; Martin v. Moran, 11 Texas Civ. App. 509, 32 S. W. 904; Board of Water Engineers v. McKnight, 111 Texas 82, 279 S. W. 301.

MR. JUSTICE SHARP delivered the opinion of the Court.

The controlling question presented in this case is, must the total or only one-half of the proceeds collected under insurance policies issued after marriage on the deceased husband's life, the wife being sole beneficiary, and all premiums having been paid from community funds, be computed for taxes under Article 7117, Vernon's Annotated Civil Statutes, as part of the husband's gross estate?

This is a suit by Mrs. Adolph S. Hansen, individually and as independent executrix of the estate of Adolph S. Hansen, as plaintiff, against W. T. Blackmon, Tax Assessor-Collector of Jefferson County, Texas, et al, to recover $1,732.59 and interest, which amount she paid under protest as part of the inheritance tax claimed by the taxing officials to be due on the estate received by her at the death of her husband. The question of whether there was an overpayment of taxes demanded of Mrs. Hansen depends on whether under our State Inheritance Tax Statutes, when the decedent husband had taken out insurance on his own life and paid the premiums out of community funds, the inheritance tax must be paid on the entire proceeds of insurance, subject to a $40,000.00 statutory exemption, or on only one-half of such proceeds, which half represents the proportion of such proceeds paid for out of decedent's part of the community estate. The trial court denied plaintiff any recovery. The Court of Civil Appeals reversed and

rendered judgment in favor of the appellant, the original plaintiff. (The opinion of the Court of Civil Appeals is not printed.)

Adolph S. Hansen died April 29, 1940, leaving insurance policies in the amount of $110,441.17, payable at his death to Mrs. Adolph S. Hansen, respondent herein, as beneficiary. The deceased was married to the respondent at a time prior to taking out any of such policies of insurance, and was married to her continuously until the time of his death. All the premiums of said policies were paid with funds belonging to the community estate of Adolph S. Hansen and wife. The applications for such policies and the insurance contracts were made by Adolph S. Hansen.

Within the time prescribed by law, Mrs. Hansen, as executrix of the estate of her husband, paid to the County Tax Assessor-Collector of Jefferson County, Texas, the amount of inheritance tax payable by her as fixed by the order of the county judge of said county. She accompanied her payment with a written protest, setting out her grounds for contending that the amount of said tax was unlawful and unauthorized.

■ Petitioners filed a plea in abatement in the trial court to the suit filed by the respondent, and such plea was overruled. By such plea it is contended that respondent having paid the inheritance tax under protest to the county tax collector under Article 7132, Vernon's Annotated Texas Statutes, she did not have the right to recover same under Article 7057b, Vernon's Annotated Texas Statutes. It will be noted that the statute last mentioned covers, among other classes of taxes, **privilege** taxes. It is settled that our inheritance taxes are privilege taxes. State v. Hogg, 123 Texas 578, 72 S. W. (2d) 593. It follows that inheritance taxes fall within the class of taxes named in Article 7057b, supra.

■ It will be noted that Article 7057b, supra, only covers cases where a person, firm, or corporation is required to pay taxes to the head of any department of the State Government. It is contended that since inheritance taxes are payable to the county tax collector, and not to the head of any department of the State Government, as required by Article 7057b, supra, such statute furnishes no authority for this suit. We think Article 7057b, supra, and related statutes, should be liberally construed, to the end that an adequate remedy be accorded those

who are required to pay illegal taxes. When we indulge in a liberal construction, we think such statutes disclose a legislative intent to cover inheritance taxes illegally demanded for the State. Such taxes go entirely to the State. The county tax collector is required to remit all inheritance taxes direct to the State Treasurer. We think that when such taxes are paid to the county tax collector, they are paid to the State Treasurer within the meaning of Article 7057b, supra. The State Treasurer is the head of a department of the State Government. Such official is made a party to this suit. It follows that this action comes within the spirit and intent of Article 7057b, supra.

The courts have permitted taxpayers who had paid inheritance taxes under protest, in the same manner as here, the right to sue and in one instance to recover in a suit like the one filed in this instance. Lewis v. O'Hair, 130 S. W. (2d) 379; Walker v. Mann et al, 143 S. W. (2d) 152 (writ refused); see also Rainey v. Malone, 141 S. W. (2d) 713. The plea in abatement was properly overruled.

Petitioners contend that the total proceeds of the policies of insurance in excess of $40,000.00 should be computed as the amount of inheritance tax due the State. The State Inheritance Tax Law before amendment in 1939 did not include as taxable property the proceeds of life insurance policies payable to beneficiaries other than the estate of the decedent. The language added in this connection to Article 7117, Vernon's Annotated Civil Statutes, by amendment in 1939 is as follows:
"* * including property passing under a general power of appointment exercised by the decedent by will, including the proceeds of life insurance to the extent of the amount receivable by the executor or administrator as insurance under policies taken out by the decedent upon his own life, and to the extent of the excess over Forty Thousand Dollars ($40,000) of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life."

At the time the 1939 amendment to Article 7117, Vernon's Annotated Civil Statutes, was made the Federal law subjecting proceeds of insurance policies payable to beneficiaries other than the decedent's estate tax, found in the original Act of 1926, Section 302 (U. S. C. A. 1940 Edition, Title 26, Section 811), was as follows:

540

"'The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all proprty, * * *.

*    *    *    *    *    *

"(g) Proceeds of life insurance.—To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life."

■ It is readily seen that the wording of the Federal statute and the amendment of the State statute is practically identical. Before the 1939 amendment of Article 7117, supra, the Federal statute had been construed by the United States Supreme Court in Lang v. Commissioner of Internal Revenue, 304 U. S. 264, 82 L. Ed. 1331, 58 Sup. Ct. 880; 118 A. L. R. 319. In that case the Supreme Court of the United States had before it a case involving the same facts as here involved. The property rights of the parties were governed by the laws of the State of Washington, where the community property law was, and is, in force. The court held in that case that only one-half of the proceeds of a policy issued after the marriage on the deceased's life, the wife being the sole beneficiary, and all premiums having been paid from community funds, will be computed for taxes as a part of the husband's gross estate. That was the construction of the Federal statute at the time of its adoption by the Legislature of this State. The controlling terms of the Federal statute are identical with the State statute. The Texas statute having been literally taken from the Federal statute, the presumption is that the Texas Legislature knew of the construction given such statute at the time of its adoption, and intended to adopt such statute as construed by the Federal courts; and such statute is to be construed by the courts of this State in the light of such construction. Board of Water Engineers v. McKnight, 111 Texas 82, 229 S. W. 301; City of Tyler v. St. Louis & S. W. Ry. Co., 99 Texas 491, 91 S. W. 1, 13 Am. Cas. 911; Brothers v. Mundell, Munzesheimer & Co., 60 Texas 240; 39 Tex. Jur., p. 264, sec. 140. The opinion of the Supreme Court of the United States in the Lang case has been followed in the following cases: DeLappe v. Commissioner, 113 Fed. (2d) 48 (C. C. A. 5th); Estate of Shearn Moody, decd. v. Commissioner, BTA, Docket No. 97484.

■ The courts of this State have held that proceeds of a life insurance policy, taken out by the husband and payable to the estate of the decedent, the premiums of which were paid for with community property belonging to the community estate, are one-half the property of the wife, and that said part is no part of the estate of the husband. Martin v. Moran, 11 Tex. Civ. App. 509, 32 S. W. 904; Lee v. Lee, 112 Texas 392, 247 S. W. 828; State v. Jones, 290 S. W. 244; reversed on other grounds, Jones v. State, 5 S. W. (2d) 973. Therefore we hold that only one-half of the proceeds collected under such insurance policies issued on the life of Adolph S. Hansen, less the $40,000.00 allowed as an exemption, is subject to taxes under Article 7117, supra, as part of the husband's gross estate.

The Court of Civil Appeals correctly decided that this case should be reversed and rendered in favor of Mrs. Adolph S. Hansen. Therefore the judgment of the Court of Civil Appeals is affirmed.

Opinion delivered March 10, 1943.