

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-5063
Re: Whether proceeds
of life insurance
policies and other
securities are subject
to inheritance taxes
under facts stated.

Your letter of November 1, 1943 reflects the following facts:

Decedent and his wife, by trust instrument created an irrevocable trust in 1936, and by such instrument transferred certain securities to the trustee. Decedent took out certain insurance policies upon his own life, naming the trustee as beneficiary. No incidents of ownership of the policies were retained by the trustor. Income from the securities transferred to the trustee was to be used for the purpose of paying the premiums upon the policies of insurance. If a balance of such income remained after the payment of such premiums, then such balance could be distributed by the trustee to the beneficiaries upon written direction of all living beneficiaries. All of the income not so paid and distributed was to become a part of the corpus of the estate. Only upon the death of decedent could any part of the corpus of the estate be distributed to the beneficiaries. Decedent retained the right to remove the trustee at any time.

You request the opinion of this Department in answer to the following questions:

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

1.  Are the insurance proceeds on the life of the decedent subject to an inheritance tax, less the statutory exemption?

2.  Are the securities assigned to the trustee by decedent and his wife, out of the community property, subject to an inheritance tax on the full value or on only one half?

The Texas inheritance tax is a tax upon the right to receive or succeed to the possession or enjoyment of property transferred in such manner as to constitute a transfer made or intended to take effect after the death of the grantor or donor. By the specific terms of the trust instrument here involved, both possession and enjoyment by the beneficiaries of the corpus of the trust estate was postponed until after the death of the donor (decedent). Under this state of facts we think that the law is settled in this State that the entire property, both insurance proceeds and securities placed in trust, by the donor, is subject to the inheritance tax. Betheo v. Sheppard, 143 S.W. (2d) 997, error refused. In that case the court said:

> ". . . It is not a question of when the beneficial interest is created, but the tax is imposed upon the right to receive in possession or enjoyment after the death of grantor or settlor. In consequence, a grantor or settlor may create an irrevocable trust during his lifetime, still if he postpones the right of possession or enjoyment of the beneficiary until after grantor's death, the property or any interest therein is subject to the inheritance or succession tax at or after his death. <u>Under our statute, where either 'possession' or 'enjoyment' is made contingent upon the death of grantor or settlor of all or any part of the trust estate, such transfer is taxable.</u> . ." (Emphasis ours).

Prior to the amendment of Article 7117, R.C.S., 1925, the proceeds of life insurance policies were subject to the inheritance tax imposed by that article. State v. Jones, 290 S.W., 244, reversed on other grounds, Jones v. State, 5 S.W. (2d) 973. The statute, as amended, now taxes "all property within the jurisdiction of this State, . . . including the proceeds of life insurance to the extent of the amount receivable by the executor or administrator as

insurance under policies taken out by the decedent upon
his own life, and to the extent of the excess over Forty
Thousand Dollars ($40,000) of the amount receivable by
all other beneficiaries as insurance under policies taken
out by the decedent upon his own life."

It is clear that proceeds of the insurance poli-
cies here involved were not receivable by the executor or
administrator, but that these amounts are amounts receiv-
able by "other beneficiaries." Prior to the amendment of
the article the $40,000 exemption would not have been in-
volved. The beneficiaries are now entitled to take ad-
vantage of it. Prior to the amendment of the article the
inheritance tax attached to all property "which shall pass
absolutely or in trust by will or by the laws of descent
or distribution of this or any other State, or by deed,
grant, sale, or gift made or intended to take effect in
possession or enjoyment after the death of the grantor or
donor, . . . ." The same language is included in the
article at the present time.

At the time of the execution of the trust in-
strument the beneficiaries thereunder acquired no rights
whatever to the corpus of the trust estate. Such rights,
under the terms of the trust instrument, could never be,
and were not acquired until the death of the decedent.
At the time of his death the property passed--the rights
of possession and enjoyment materialized. Those rights, at
the time of the execution of the trust instrument, were
contingent upon the death of the decedent. His death was
a condition precedent to the vesting and the exercise of
such rights. Upon his death the rights of possession and
enjoyment passed to the beneficiaries under the trust in-
strument. This passing or right of succession, the stat-
ute taxes.

It follows, from what we have said, that in this
case the proceeds of the insurance policies which were
taken out by the decedent upon his own life are taxable in
accordance with the statute. In other words, all of such
proceeds in excess of the sum of $40,000 are taxable. We
do not have before us sufficient facts to determine wheth-
er all or only a part of such policies were taken out by
the decedent upon his own life. In the event that these

policies were paid for by community funds, then only half of the proceeds represent proceeds of "insurance under policies taken out by the decedent upon his own life." Blackmon v. Hansen, (Sup. Ct.), 169 S.W. (2d) 962.

Only the interest of the decedent passes at his death. Consequently, only the interest of the decedent in the securities assigned to the trustee by the decedent and his wife, out of community property, passed as a result of his death. Jones v. State, 5 S.W. (2d) 973; Blackmon v. Hansen, 169 S.W. (2d) 962. Since only one half of such securities were owned by the decedent, only his one-half interest passed to the beneficiaries as a result of his death, and, therefore, only one half of the value of such securities became subject to the inheritance tax.

Trusting that the above fully answers your inquiry, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Fowler Roberts
Fowler Roberts
Assistant

FR/JCP

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN