# THE ATTORNEY GENERAL
## OF TEXAS


September 30, 1955

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. S-177

Re: Imposition of inheritance
tax where survivorship
benefits accrue under pen-
sion plan.

Dear Mr. Calvert:

You have requested the opinion of this office on the above captioned matter and have submitted in connection therewith the following facts.

At the decedent's death certain benefits accrued to his widow under a "Retirement Plan" established by his employer. The Plan is administered by three trustees, designated by the employer, who administer the Plan by receiving all the employer's contributions or payments and purchasing Retirement Income and Group Income Endowment insurance. This insurance together with money from a special fund within the trust provided the source of the benefits here in question. The employee paid no part of the cost of the premiums of the insurance, nor did he contribute to the special fund.

The employer has no ownership rights in the payments it makes to the trustees or in the funds held by them or in the insurance policies purchased with said funds. Participant employees are not allowed to transfer, assign, withdraw or dispose of any part of the benefits or to take action with respect to any part of the contributions or policies. They may not borrow on any benefits nor can such benefits be reached by a creditor or lien holder. However the plan does provide for withdrawal benefits similar to the regular cash surrender value of insurance policies. If employment is terminated because of the employee's misconduct, benefits may be suspended, reduced or cancelled.

The employer reserves the right to modify or terminate the Plan and to reduce or discontinue contributions. Any such action would not deprive the employee of his equity at that time.

Monthly retirement income in excess of $20.00 a month is written on an individual policy basis, and a physical examination is necessary. Each $10.00 a month retirement income provides $1,000.00

life insurance. For example, if current retirement funding is on the basis of a monthly retirement income of $40.00, the life insurance protection is $4,000.00. Should the applicant fail to pass the medical examination, under the Plan he would still have $2,000.00 face value life insurance plus a minimum benefit of the total premiums paid for individual retirement annuity policies in excess of the $20.00 monthly income for the retirement plan. The Commissioner of Internal Revenue has ruled that the cost of the life insurance benefit represents additional income to the employee.

Normal retirement date is the second day of January, nearest age 65. Retirement is generally payable in the form of a paid-up retirement income policy though the trustees have discretionary powers and may exercise other options of payment depending upon the amount of the benefit and other existing conditions. The trustees also have discretionary powers as to payment of survivorship benefits on the employee's death and consider the amount, number of beneficiaries, their personal situation and other pertinent factors in deciding time and manner of payments.

If the employer requests an employee to continue working after normal retirement date and the employee wishes to do so, benefits will accumulate but will not be paid until retirement. If retirement begins before normal retirement age due to physical or mental disability, the retirement income will be the amount that can be procured at that time from the policies held by the trustees providing the employer consents.

If death occurs prior to retirement age, the "term" life insurance feature of the Plan provides funds for the beneficiary designated by the employee. After retirement age is reached, most of the life insurance features of the Plan terminate unless the employee makes premium payments. The exemption of the group life insurance proceeds paid to the widow is not questioned.

If the employee retires, in most cases he receives a monthly retirement income for the remainder of his life. If he dies prior to receiving 120 monthly retirement payments, his designated beneficiary receives the difference between 120 monthly payments and the number of payments received by the employee prior to his death. If no beneficiary has been designated, the accrued benefits pass to the employee's estate. The employee may change the beneficiary designation at will.

In this case the decedent had passed the age of 65 but had not retired. The trustees had accumulated and held for the decedent 13 months of retirement benefits amounting to $1,560.00. At the time

of his death the trustees were the owners and beneficiaries of the policies above referred to. We quote the following statement as to the benefit payment set-up for the widow in this case:

"$2,040.00 paid by the Trustees on 5/10/55, from the special fund referred to above, covering monthly payments due 1/2/54 thru 5/2/55.

"Payments beginning 6/2/55 and continuing through 12/2/63:

| Payor | Monthly Payment | Policy Proceeds |
|---|---|---|
| Bankers Life Company | $ 18.33 | $1,704.00 |
| New England Mutual | 80.80 | 7,658.61 |
| Supplementary Fund (Within Trust) | 20.87 | * |
| | $120.00 | |

*From an existing uninvested fund not discounted for future interest."

Thus in common with many other pension plans, the bulk of the benefits were directly financed through purchase of annuity contracts from insurance companies. As to the small portion of the benefits which are attributable to the Supplementary Fund, we think that the same rules will apply insofar as taxability is concerned in that to the extent of these funds the employer is self-insured.

Article 7117, Vernon's Civil Statutes, provides an exemption for $40,000.00 "of the amount receivable by . . . beneficiaries as insurance under policies taken out by the decedent upon his own life . . . ."

If the survivorship benefits in this case are the fruit of annuity contracts, no exemption can be allowed because contracts of annuity are not included in the term insurance. 3 Corpus Juris Secundum, Annuities, 1375, 1376, Sec. 1. It is settled in Texas that annuity contracts are not insurance contracts for the reason that an annuity contract is essentially a form of investment and lacks the character of "risk which is connoted in the business of writing insurance." Daniel v. Life Insurance Company of Virginia, 102 S.W. 2d 256, 260 (Tex. Civ. App. 1937); accord, Union Central Life Insurance Company v. Mann, Attorney General, 138 Tex. 242, 158 S. W. 2d 477 (1941).

It has been held in various states that benefits under annuity contracts are not entitled to the insurance exemption from death taxes.

Re Southern, 14 N. Y. S. 2d 1 (App. Div. 1939); In re Bayer's Estate, 26 A. 2d 202 (Pa. Sup. 1942); In re Atkins Estate, 18 A. 2d 45 (Prerogative Ct. of N. J., 1941) (affirmed in Central Hanover Bank & T. Co. v. Martin, 23 A. 2d 284 (N. J. Sup. 1943) affirmed in 28 A. 2d 174 (Ct. of Errors and Appeals of N. J. 1942) affirmed in 319 U. S. 94 (1943).) See 150 A. L. R. 1285 for other authorities so holding.

Likewise, benefits from annuity contracts were not considered insurance for Federal estate tax purposes but were usually taxed under Section 811(c) of the 1939 Code as transfers intended to take effect at death. Old Colony Trust Co., 37 B. T. A. 435 (1938); Comm. v. Wilders Estate, 118 F. 2d 281 (C. C.A. 5th 1941, cert. den. 314 U.S. 634); Comm. v. Clise, 122 F. 2d 998 (C.C.A. 9th 1941, cert. den. 315 U.S. 821).

However, pension plan set-ups may differ in many respects from ordinary annuity contracts and present different problems of taxability. There is authority for the proposition that although survivorship benefits attributable to the employee's contributions to a retirement system are in the nature of an annuity and not exempt from death taxes as insurance, benefits attributable to the employer's contribution should be treated as insurance proceeds and accorded the statutory exemption. See cases discussed in 150 A. L. R. 1292.

We have decided that under the better view, taken in the cases hereinafter discussed, survivorship benefits under pension or retirement systems do not constitute insurance and are not entitled to the exemption provided in Article 7117 therefor. The question still remains, however, as to whether such benefits are taxable under the provision of Article 7117 which subjects to tax "All property . . . which shall pass . . . by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor . . ."

In the present case, at the time of his death the decedent had a vested right to at least 120 monthly retirement benefits. We regard as immaterial the fact that this right had not vested at the time he designated the beneficiary. He could have changed that designation at any time after the interest in question vested. We think his failure to do so constituted an effective gift intended to take effect at his death.

Moreover, we do not think the nature of the interest as vested or contingent should be the determinative factor of taxability for inheritance tax purposes where survivorship benefits are involved. In the first place different considerations affect taxability under an inheritance tax statute which, in opposition to an estate tax statute, levies the tax on the privilege of receiving rather than transferring

property. Furthermore we do not view the employer's contributions as a gratuity. Actually they are part of the consideration paid the employee for his services and constitute additional compensation. In the final analysis, it is the employee's performance of his services under the terms of employment calling for the payment of the survivorship benefits to the beneficiary at death as well as the designation of that beneficiary which constitutes the effective gift to take effect at death. For cases holding annuities payable to a widow or other beneficiary of a decedent under retirement or pension systems, or employee profit sharing trusts, subject to inheritance tax, see: Borchard v. Connelly, 101 Atl. (2d) 497 (Conn. Sup. 1953); In re Brackett's Estate, 69 N.W. (2d) 164 (Mich. Sup. 1955); Cruthers v. Neeld, 103 Atl. (2d) 153 (N. J. Sup. 1954); In re Estate of Daniels, 111 N. E. (2d) 252 (Ohio Sup. 1953); and In re Dorsey's Estate, 79 Atl. (2d) 259 (Pa. Sup. 1951).

Since we regard the employer's contributions as additional compensation to the employee, the survivorship benefits in this case result from the investment of community funds; and only one-half of said benefits is subject to tax. Cf. Blackmon v. Hansen, 140 Tex. 536, 169 S.W. 2d 962 (1943). This statement is based on the assumption that the decedent and the surviving spouse were married during the entire time that the employer made contributions. Otherwise, of course, only that portion of the benefits attributable to community income could be split for inheritance tax purposes.

## SUMMARY

Survivorship benefits accruing under a retirement plan do not constitute "insurance" and are not entitled to the exemption provided therefor. Said benefits are subject to inheritance taxes, and only that portion attributable to community income can be split for inheritance tax purposes.

APPROVED:

L. W. Gray
Taxation Division

Mary K. Wall
Reviewer

J. A. Amis, Jr.
Reviewer

Davis Grant
Special Reviewer

Will D. Davis
Special Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By _Marietta McGregor Payne_
Marietta McGregor Payne
Assistant