

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 9, 1959

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-698

Re: Taxability for inherit-
ance tax purposes of
Social Security lump-
sum death payment to
widow, of Social Secu-
rity insurance benefits
to widow and of payments
to widow from Civil
Service Retirement and
Disability Fund.

Dear Mr. Calvert:

You have requested the opinion of this office on
several questions which we will consider seriatim. The
first of these pertains to the lump-sum death payment
which a widow receives by virtue of that portion of the
Social Security Act which is codified in United States
Code Annotated under Title 42, Chapter 7, Section 402
(i).

In 1940, the Treasury Department ruled that amounts
payable under Title II of the Social Security Act, as amended
by the Act of August 10, 1939, to a widow were not to be
included in the gross estate of the decedent for Federal
estate tax purposes. CB 1940-2, 285. The reasons given
for such ruling were that the decedent had no control over
the designation of the beneficiaries or the amounts payable
to them, said beneficiaries and amounts being fixed by the
provisions of the Social Security Act, as amended, and the
payments being made directly to the beneficiaries. The ruling
further pointed out that the decedent had no property interest
in the "Federal Old-Age and Survivors Insurance Trust Fund"
created under Section 201 (a) of Title II of the Social
Security Act, as amended.

Revenue Ruling 55-87, CB 1955-1, 112, is to the
effect that lump-sum payments under Title II of the Social
Security Act are not includible in the decedent's gross
estate for estate tax purposes.

Due to the basic difference in the nature of
inheritance and estate taxes, this office has held in
certain instances that rulings of the Federal Government

in connection with Federal estate taxes are inapposite in a determination of liability for Texas inheritance taxes. However, we think the provision of our statute necessitates the same result. The only provision of Article 7117, Vernon's Civil Statutes, which could subject the Social Security benefits to a tax is the one which taxes transfers made by ". . .deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor. . . ." The covered employee having no choice in the matter of coverage, nor in the selection of beneficiaries, nor indeed any assurance that either he or anyone else will ever receive any Social Security benefits, can scarcely be said to have made a gift intended to take effect in possession or enjoyment after his death. You are therefore advised that the Social Security lump-sum death payment to the widow is not subject to inheritance tax.

You have also requested that we advise you whether the old-age and survivors insurance benefit payments which the widow will receive by virtue of Title 42, Section 402, Chapter 7 (e), United States Code Annotated, will be subject to inheritance taxes. These benefits are paid to the widow in monthly installments. For the same reasons which we have just stated in connection with the lump-sum death payment, you are advised that such benefits are not subject to an inheritance tax.

You request that we advise you as to the taxability of a survivor annuity payable to a widow from the Civil Service Retirement and Disability Fund pursuant to the provisions of Section 2260, Title V, U.S.C.A.

In Revenue Ruling 55-682, IRB Nov. 14, 1955, 18, the Treasury Department ruled that where the decedent did not designate a beneficiary other than his estate, the amount payable upon his death is includible in his gross estate under subdivision (a) of Section 302 of the Revenue Act of 1926 as amended, and where he did designate a beneficiary other than his estate, the amount payable upon his death is includible in his gross estate under subdivisions (c) and (d) of that section. This ruling has been printed in CB 1955-2, 601.

Rev. Rul. 56-1, CB 1956-1, 444, reads as follows:

"Where an individual who is covered by the United States Civil Service Retirement System dies before retirement, the amount includible in his gross estate under section 2039 of the Internal Revenue Code of 1954 on

account of an annuity payable to his
surviving spouse, or other beneficiary,
is the amount of the decedent's contri-
bution to the system."

In so far as community property states are con-
cerned, the following ruling has been made:

"State community property laws do not
apply to annuities, death benefits or
refunds payable under the Civil Service
Retirement Act, as amended. Accordingly,
the full value of retirement contributions,
plus the accrued interest thereon, are
includible in the gross estate of a
Federal civil service employee under section
2039 of the Internal Revenue Code of 1954."
Rev.Rul. 57-446, CB 1957-2, 619.

Death benefits payable to a decedent's estate as
well as benefits payable to designated beneficiaries under
employees' retirement plans have been held subject to State
death taxes. 28 Am.Jur. 192, 193, Sec. 256. Cases so
holding may be found in 150 A.L.R. 1287, 1292.

In Attorney General's Opinion No. WW-92, this
office held that the receipt of benefits by a designated
nominee under the Teachers' Retirement System Act was sub-
ject to inheritance tax.

. We are of the opinion that an inheritance tax is
due upon that portion of the widow's annuity which is
attributable to the decedent's contributions to the
Retirement System. Decedent had a vested interest in such
contributions and could have obtained a refund thereof
had he become separated from the Civil Service prior to
eligibility for an annuity. Sec. 2261, Title V, U.S.C.A.

However, we are of the opinion that if such
contributions were paid from community funds, then only
one-half of the amount of the annuity attributable to such
contributions is taxable, cf. Blackmon v. Hansen, 140 Tex.
536, 169 S.W.2d 962 (1943); and the inheritance taxes
should be computed accordingly.

## SUMMARY

Social Security lump-sum death payment
to widow is not subject to inheritance tax.
Social Security insurance benefits are

not subject to inheritance tax.  That
portion of the widow's annuity which is
attributable to the decedent's contributions
to the Civil Service Retirement and Dis-
ability Fund is subject to an inheritance
tax.  If such contributions were paid from
community funds, then only one-half of the
amount of the annuity attributable to such
contributions is taxable.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Marietta McGregor Payne*
Marietta McGregor Payne
Assistant

MMP:cm

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman

Wm. D. Armstrong
Robert T. Lewis
Fred B. Werkenthin
Charles D. Cabaniss
Tom L. McFarling

REVIEWED FOR THE ATTORNEY GENERAL

By:  W. V. Geppert