

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

March 7, 1990

Mr. William M. Hale
Executive Director
Texas Commission on Human Rights
P. O. Box 13493, Capitol Station
Austin, Texas 78711

Opinion No. JM-1145

Re: Construction of the term "prevailing party" under V.T.C.S. article 5221k (RQ-1819)

Dear Mr. Hale:

You ask about the proper interpretation of a provision that provides for the award of attorney's fees to the "prevailing party" in an action brought under the Texas Commission on Human Rights Act, article 5221k, V.T.C.S. Specifically, you ask whether the term "prevailing party" should be interpreted in the same way it has been interpreted for purposes of Title VII of the federal Civil Rights Act of 1964.

The Commission on Human Rights Act prohibits certain types of employment discrimination. V.T.C.S. art. 5221k, §§ 5.01-5.05. One of the purposes of the act is "to provide for the execution of the policies embodied in Title VII of the federal Civil Rights Act of 1964, as amended (42 U.S.C. Section 2000e et seq.)." Id. § 1.02(1).

Under the Texas statute, complaints alleging unlawful employment practices may be filed with the Commission on Human Rights. Id. § 6.01(a). The act sets out administrative steps to be taken in response to a complaint. Id. art. 6. Depending on the results of the administrative action, either the commission or the complainant may bring a civil action. Id. § 7.01(a). Section 7.01(e) of the act provides, in part:

> In any action or proceeding under this Act, the court in its discretion may allow the prevailing party, other than the commission, a reasonable attorney's fee as part of the costs. The state or an agency or a political subdivision of the state is liable for costs, including attorney's fees, to the same extent as a private person.

The federal Civil Rights Act of 1964 contains similar language:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e-5(k). In Christianburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412 (1978), the Supreme Court defined "prevailing party" for purposes of that section. First, the court noted that it was already established that under section 706(k) of Title VII a prevailing plaintiff was to be awarded attorney's fees in all but special circumstances. 434 U.S. at 417-18. The court then determined that a defendant should be awarded attorney's fees if the plaintiff's claim was frivolous, unreasonable, or groundless, or if the plaintiff continued to litigate after it clearly became so. 434 U.S. at 422. You ask whether "prevailing party" in the Texas statute should be construed in the same way.

The Texas Supreme Court has held that when a statute is adopted from another jurisdiction, the construction made by the courts of that jurisdiction prior to the adoption may be looked to and given great weight. Blackmon v. Hansen, 169 S.W.2d 962, 964-65 (Tex. 1943). In this case, the Texas legislature did more than merely model its statute on a federal statute. The legislature stated expressly that one of the purposes of the Commission on Human Rights Act was to provide for the execution of the policies embodied in Title VII of the federal Civil Rights Act of 1964. The Supreme Court issued Christianburg in 1978, five years before the Texas legislature enacted the Commission on Human Rights Act. Therefore, we conclude that the policies the legislature intended to incorporate in the state act include Supreme Court constructions of the term "prevailing party" for purposes of the federal act that were announced before the enactment of the Texas act. Therefore, "prevailing party" in section 7.01(e) of article 5221k is to be construed in the same way that the United States Supreme Court construed "prevailing party" in Christianburg.

## S U M M A R Y

"Prevailing party" in section 7.01(e) of article 5221k is to be construed in the same way that the United States Supreme Court construed "prevailing party" in <u>Christianburg Garment Co. v. Equal Employment Opportunity Comm'n</u>, 434 U.S. 412 (1978).

Very truly yours,

*Jim Mattox*

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General