STATE OF TEXAS, Relator v.
ARTHUR A. KLEIN ET AL., Respondents.

No. 24505. October 19, 1949.
Application to File Petition for Writ of Prohibition
Granted November 23, 1949.

*S. L. Gill,* Raymondville, (*C. A. Edwards,* Phoenix, Ariz., amicus curiae), for respondent.

*Lyle V. Timmins,* Raymondville, attorney for the state by

appointment, *Ernest S. Goens,* Former State Attorney, Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

ON STATE'S PETITION FOR WRIT OF PROHIBITION.

DAVIDSON, Judge.

Jose Maria Cavazos, Jr., was convicted in the district court of Willacy County of the offense of assault with intent to maim, with punishment assessed at confinement in the penitentiary for a term of two years.

From this conviction an appeal was perfected to this court. We affirmed the judgment (see 153 Texas Crim. Rep. 338, 220 S. W. 2d 153) and, upon that affirmance, issued our mandate to the trial court.

After the mandate had been received and filed in the trial court, and before the issuance of a capias thereon or the serving of the sentence had begun, Cavazos filed a motion in the district court of Willacy County for probation under what is known as the Adult Probation and Parole Law of this state, being Chapter 452, Acts Regular Session of the 50th Legislature in 1947, and appearing as Art. 781b, Vernon's C. C. P.

The Honorable Arthur A. Klein, Judge of said court, entertained the motion, heard evidence thereon, and took same under consideration.

Pending and during consideration of the motion by Judge Klein, representatives of the state presented to Honorable Tom L. Beauchamp, one of the judges of this court, an application for writ of prohibition to prohibit and restrain Judge Klein from granting probation, as prayed for, and from further entertaining the motion, it being the state's contention that the district court of Willacy County was without jurisdiction of the case.

Permission to file the application was granted by Judge Beauchamp, and Judge Klein was, by him, ordered to show cause why the writ should not issue. Further consideration of the motion by Judge Klein was stayed, pending final determination of the application by this court.

Respondent, Judge Klein, joined by Cavazos, has answered herein, to the effect that under Sec. 11A of Art. IV. of the Con-

stitution and under the Adult Probation and Parole Law passed in pursuance thereof, the district court of Willacy County was authorized to suspend the execution of the sentence and place Cavazos upon probation.

Two questions are thus presented for our determiantion, and are stated as follows:

(a) May a district court suspend the execution of sentence and place upon probation one convicted in that court of the felony offense of assault with intent to maim, with punishment assessed at two years' confinement in the penitentiary, after an appeal has been made to and conviction affirmed by the court of criminal appeals of this state and after the issuance of mandate by said court, and before the convict has actually begun serving the sentence imposed?

(b) If the above question be answered in the negative, does this court have authority to prohibit the suspension of such sentence by writ of prohibition?

So far as we are aware, the questions presented are of first impression in this state.

The answer to the first question lies in the construction to be given Sec. 11A of Art. IV. of our Constitution and Section 1 of the Adult Probation and Parole Law.

Sec. 11A of Art. IV. was adopted as an amendment to our Constitution in 1935, and reads as follows:

"The Courts of the State of Texas having original jurisdiction of criminal actions shall have the power, after conviction, to suspend the imposition or execution of sentence and to place the defendant upon probation and to reimpose such sentence, under such conditions as the Legislature may prescribe."

The amendment was not self-enacting; legislative action was required to make effective its provisions. It was not until 1947 that the legislature provided such legislation by the passage of the Adult Probation and Parole Law, Section 1 (781b) of which reads as follows:

"The courts of the State of Texas having original jurisdiction of criminal actions, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, shall

have the power, after conviction or a plea of guilty for any crime or offense except murder, rape, and offenses against morals, decency, and chastity where the maximum punishment assessed the defendant does not exceed ten (10) years imprisonment, and where the defendant has not been previously convicted of a felony, to suspend the imposition or the execution of sentence and may place the defendant on probation for the maximum period of the sentence imposed or if no sentence has been imposed for the maximum period for which the defendant might have been sentenced, or impose a fine applicable to the offense committed and also place the defendant on probation as hereinafter provided. Any such person placed on probation shall be under the supervision of such court and a probation and parole officer serving such court as hereinafter provided."

While the Adult Probation and Parole Law contains many other sections, only section 1 necessarily enters into a determination of the question before us.

It will be noted that the power conferred by Sec. 11A of Art. IV. of the Constitution, as well as Section 1 of the Adult Probation and Parole Law, was intended to and is exercisable by the courts of this state "having original jurisdiction of criminal actions," as a judicial tribunal. The power conferred is not to the judge of the court in his individual capacity as a judicial officer.

For a court to act, it must have jurisdiction to do so. This is fundamental. 11 Tex. Jur., Courts, Sec. 9, p. 711; 12 Tex. Jur., Criminal Law, Sec. 111, p. 385.

The district court of Willacy County is a court having original jurisdiction of criminal actions. Of necessity, therefore, the district court of Willacy County was required to have jurisdiction to suspend the execution of sentence in the case against Cavazos, at the time and under the circumstances here presented, in order to so suspend the execution of sentence. The question of jurisdiction, then, is of commanding importance.

Art. 828, C. C. P. reads as follows:

"The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had, until the judgment of the appellate court is received by the court from which the appeal was taken. In cases where, after notice of appeal has been given, the record or any portion thereof, is lost or destroyed, it may be substituted in the

lower court, if said court be then in session; and, when so substituted, the transcript may be prepared and sent up as in other cases. In case the court from which the appeal was taken be not then in session, the appellate court shall postpone the consideration of such appeal until the next term of said court from which said appeal was taken; and the said record shall be substituted at said term as in other cases."

Under this statute, when Cavazos gave notice of appeal to this court from the judgment of conviction, the district court of Willacy County lost jurisdiction, and this court immediately acquired jurisdiction of the case. It is only by the judgment of this court that jurisdiction over the case is restored to the district court of Willacy County.

This court affirmed the judgment of conviction. Upon that judgment we issued our mandate, directed to the district court of Willacy County, which reads as follows:

"THE STATE OF TEXAS.
"TO THE DISTRICT COURT OF WILLACY COUNTY—GREETING:

"Before our COURT OF CRIMINAL APPEALS, on the 13th day of April, A. D. 1949, the cause upon appeal to revise or reverse your Judgment between

Jose Marie Cavazos, Jr., Appellant,

No. 24,331                    vs.

The State of Texas,     Appellee,

was determined; and therein our said COURT OF CRIMINAL APPEALS made its order in these words:

" 'This cause came on to be heard on the transcript of the record of the Court below, and the same being inspected, because it is the opinion of this Court that there was no error in the judgment. It is ordered, adjudged and decreed by the Court that the judgment be in all things affirmed and that the appellant pay all costs in this behalf expended, and that this decision be certified below for observance.'

"WHEREFORE, We command you to observe the order of our said COURT OF CRIMINAL APPEALS in this behalf and in all things to have it duly recognized, obeyed and executed.

"WITNESS, the HON. F. L. HAWKINS, Presiding Judge of our said COURT OF CRIMINAL APPEALS, with the Seal thereof annexed, at the City of Austin, this 20th day of May, A. D. 1949.

"(SEAL)                         (Signed) "Olin W. Finger
                                              "Clerk"

By such judgment, order, and mandate of this court, the district court of Willacy County acquired jurisdiction of the case only to see that the judgment of this court was carried out. General jurisdiction over the case was not restored by the judgment of this court, as is done in cases where we order a reversal of the judgment of conviction and remand the case for a new trial.

It is apparent, from what has been said, that the district court of Willacy County did not have jurisdiction of the case at the time Judge Klein, acting for and as the court, was considering the question of probation under the judgment of conviction which had been affirmed by this court.

From what has been said, the first question heretofore set out should be, and is, answered in the negative.

It is insisted that the conclusion expressed is contrary to the decisions of the Federal courts, which are here controlling.

As to this contention, and for instant purposes, it will be here conceded that:

(a) Section 1 of the Adult Probation and Parole Law is, in all essentials, a duplication of and taken from the prior existing Federal statute, Sec. 724, of Title 18, U. S. C. A.

(b) The decisions of the Federal courts, construing that statute in Federal cases, support the instant contention that the district court of Willacy County was, after affirmance and before the serving of the sentence had begun, authorized to suspend the execution of sentence. See Kriebel v. U. S., 10 Fed. 2d 762; Murray v. U. S., 275 U. S. 347, 48 S. Ct. 146, 149, 72 L. Ed. 309; Pernatto v. U. S., 107 Fed. 2d 372.

(c) Where a Federal statute is adopted in a statute of this state, the presumption follows that the legislature knew of and intended to adopt the construction placed upon the Federal

statute by the Federal courts. Blackmon v. Hansen, 169 S. W. 2d 962; 39 Tex. Jur., Sec. 140, p. 264; Robertson v. State, 142 S. W. 533, 63 Tex. Cr. R. 216. The Federal court decisions, then, should be here followed, unless the statutes of this state require a contrary conclusion.

We have not been cited to, nor have we been able to find, a Federal statute, or rule of procedure, which divests jurisdiction out of the trial court and fixes jurisdiction in the appellate courts, pending appeal, as is done by our statute, Art. 828, C. C. P., supra.

In none of the Federal authorities do we find any expression which would authorize the conclusion that the Federal trial courts lost jurisdiction of the case upon appeal. In fact, the holding in Kriebel v. U. S., supra, was that the trial court did have jurisdiction of the case. It appears, therefore, that when an appeal is taken from a conviction in a Federal court, jurisdiction of the case remains in the trial court. In Texas, jurisdiction of the case is transferred from the trial court to the appellate court. Therein lies the distinction which renders inapplicable, here, the Federal authorities relied upon.

We come, now, to a determination of the second question, which relates to the power of this court to issue the writ of prohibition.

The power is inherent in the court to require obedience to its judgments.

In Millikin v. Jeffrey, 117 Tex. 134, 299 S. W. 393, a decision by the supreme court of this state, we find the rule stated as follows:

"The jurisdiction of an appellate court when it once attaches continues until the case, as made by the appeal, is completely executed by the court below, and it may issue all writs necessary to make effective its decree."

Under the mandate of this court, the district court of Willacy County was commanded to observe the order of this court and to have it duly obeyed and executed. The writ of prohibition is properly issuable to prevent disobedience of that order.

The application to file the petition for the writ of prohibition is granted, and the writ will issue, as prayed for, prohibiting

the district court of Willacy county from granting probation under the aforesaid judgment of conviction.

Approved by the court.

## ON MOTION FOR REHEARING.

GRAVES, Judge.

Respondents, in their motion for a rehearing, seriously contend that we erred in the original disposition of this case by holding that when the appellant excepted to the judgment of the trial court and gave notice of appeal the jurisdiction of the case was transferred and lodged in this court; that, after the judgment of conviction was affirmed, it did not re-transfer the jurisdiction to the trial court as it does in cases wherein the judgment of conviction is reversed and the cause is remanded. The trial court having lost jurisdiction by the appeal was not authorized thereafter to make any other or further orders in the case or to nullify the judgment of this court.

We have carefully reviewed the record in the light of the motions, together with the authorities cited, but remain of the opinion that the question was correctly disposed of in our original opinion.

The motion for rehearing is overruled.