Donald B. YARBROUGH, Appellant,

v.

The STATE of Texas, Appellee.

No. 1023–84.

Court of Criminal Appeals of Texas, En Banc.

Nov. 27, 1985.

David L. Botsford, Charles R. Burton, Austin, for appellant.

Ronald Earle, Dist. Atty. and Philip A. Nelson, Jr., Asst. Dist. Atty., Robert Huttash, State's Atty., and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

In a proceeding before the trial court, Donald B. Yarbrough, appellant, was convicted on his plea of guilty of committing the offense of failure to appear. V.T.C.A., Penal Code, Section 38.11. Punishment was assessed by the trial judge at seven years' confinement in the Department of Corrections.

The record reflects that appellant had previously been convicted of the offense of aggravated perjury and had been released on a personal appeal bail bond. By the terms of the bail bond, he agreed to appear

before the trial court "as called." This Court affirmed appellant's aggravated perjury conviction, see *Yarbrough v. State*, 617 S.W.2d 221 (Tex.Cr.App.1981), after which it issued its mandate, in which the trial court was ordered to "in all things have [the mandate] duly recognized, obeyed and executed." After the trial court received this Court's mandate, it ordered appellant to appear in court, but the appellant failed to appear, which led to the instant conviction.

■ This Court granted appellant's petition for discretionary review in order to determine whether the court of appeals, see *Yarbrough v. State*, 677 S.W.2d 588 (Tex.App.—Austin 1984), correctly rejected appellant's contention that the trial court did not have jurisdiction to order his appearance in court following the issuance of this Court's mandate of affirmance in our cause number 53,180. See this Court's decision in *Yarbrough v. State*, supra. We find that the court of appeals correctly rejected appellant's contention, and affirm its judgment.[1]

Appellant does not challenge the sufficiency of the evidence. After preserving for review the issue that is before us, he entered a plea of guilty to the offense of failure to appear.

The record reflects that this Court issued its mandate on June 26, 1981. On June 30, 1981, the trial court received this Court's mandate and the clerk of that court issued a capias for the appellant's arrest. On the same date, the trial court issued an order for the appellant to appear in court on July 23, 1981, for "sentence after mandate." At the behest of Hon. Waggoner Carr, who was then one of appellant's attorneys of record, the cause was reset to August 11, 1981. When appellant failed to appear on that date, his personal bail bond was ordered forfeited, the clerk issued another capias, and appellant was subsequently charged with committing the offense of failure to appear, see Section 38.11, supra.

Appellant was arrested on March 18, 1983, when he was located on the Island of St. Thomas, Virgin Islands. He was thereafter returned to Texas to commence serving his sentence on the aggravated perjury conviction and to stand trial on the failure to appear charge.

The validity of the forfeiture of appellant's personal bail bond is not before this Court. The sole issue that is before us is whether the trial court had jurisdiction to order appellant to appear in court on August 11, 1981. Cf. *Foley v. State*, 514 S.W.2d 449, 452, fn. 1 (Tex.Cr.App.1974).

■ Appellant does not complain that he did not receive sufficient notice to appear in court on the scheduled date, which is understandable in view of the fact that when he entered into the personal appeal bail bond he agreed to appear in court "as called" by the trial court. We construe the term "as called" to be synonymous with the word "instanter," and hold that the wording of the bond provided appellant with sufficient and proper notice of when he was to appear in the trial court. *Euzierre v. State*, 648 S.W.2d 700, 702 (Tex.Cr.App.1983); *Caudillo v. State*, 541 S.W.2d 617 (Tex.Cr.App.1976); *International Fidelity Insurance Company v. State*, 495 S.W.2d 240 (Tex.Cr.App.1973). In light of what this Court stated in *Euzierre v. State*, supra, we also hold that the record clearly reflects that appellant intentionally and knowingly failed to appear pursuant to the terms of his release on personal bail.

The offense of failure to appear, as proscribed by Section 38.11, supra, occurs if an individual, having been lawfully released on bail, on condition that he subsequently appear, intentionally or knowingly fails to appear in accordance with the terms of his release. It is a defense to prosecution if the accused person had a reasonable excuse for his failure to appear. Appellant did not present or urge in the trial court any legal reason or justification that might

1. We have been informed that appellant, a former justice of the Supreme Court of Texas, has been paroled on both the perjury conviction *and* the failure to appear conviction. For legal purposes, however, appellant is still in custody, see *Westberry v. Keith*, 434 F.2d 623 (5th Cir.1970).

have excused his failure to appear on August 11, 1981.

 Appellant asserts that before one may be in violation of the statute, the "subsequent appearance" must be for a lawful purpose. Operating from this premise, he states that because there is no express statutory authority for the trial court to put a case which has been affirmed by this Court on its docket, his conviction cannot stand. See and cf. Articles 17.09, 42.09, Section 4; 44.05; 44.06; 44.26; and 44.27, V.A.C.C.P. He argues that "once the appeal has terminated (i.e., the appellate court has issued its mandate of affirmance), an appeal bond is terminated as a matter of law and the trial court only acquired jurisdiction to issue a capias." We disagree.

In support of his contentions and argument, appellant relies upon this Court's decisions of *Surety Corporation of America v. State*, 550 S.W.2d 689 (Tex.Cr.App. 1977), and *McConathy v. State*, 544 S.W.2d 666 (Tex.Cr.App.1976). We find that his reliance is sorely misplaced.

In *Surety Corporation of America v. State*, supra, this Court held that the trial court erred when it ordered the defendant's bail bond forfeited after this Court had issued its mandate˄ of affirmance. However, our holding was premised upon the fact that the defendant in that cause had been accorded probation. When this Court's mandate of affirmance issued, the defendant's probation then commenced. Thus, there could not be any lawful subsequent proceeding that might have affected the bail bond.

In *McConathy v. State*, supra, the defendant in that cause had also been accorded probation. After the defendant's probation commenced, which occurred in that cause after his amended motion for new trial had been overruled as a matter of law, the trial court erroneously ordered the original bail bond forfeited. This Court set aside the forfeiture because, once the probation commenced, the trial court did not have jurisdiction over the case to take any action on the defendant's bail bond.

In this instance, however, appellant was not accorded probation in his aggravated perjury conviction, which this Court affirmed. Thus, the issuance of this Court's mandate did not terminate his personal appeal bail bond.

We agree with the appellant that before a trial court may act, it must have jurisdiction to do so. *State v. Klein*, 154 Tex.Cr.R. 31, 224 S.W.2d 250 (1949).

We also agree with the appellant that there is not anything of an express nature in our law that might authorize a trial court to put a case on the docket "for sentence after mandate," which is the cryptic phrase the trial judge in this cause used. However, the fact that there is no express statutory authority authorizing a trial court to put a case on its docket after the mandate of an appellate court has issued does not rule out implicit authority. In this instance, if the trial court had implicit authority to put the appellant's case on its docket after this Court's mandate issued, we find that it does not matter what the setting was labeled.

In this instance, the mandate of this Court ordered the trial court to "in all things have [the mandate] duly recognized, obeyed and executed." We find and hold that the trial court was empowered, through this Court's mandate, to take whatever reasonable action it deemed necessary to see that this Court's judgment was executed. See and cf. *State ex rel. Vance v. Hatten*, 600 S.W.2d 828 (Tex.Cr. App.1980); *State ex rel. Wilson v. Harris*, 555 S.W.2d 470 (Tex.Cr.App.1977); *State ex rel. Wilson v. Briggs*, 171 Tex.Cr.R. 479, 351 S.W.2d 892 (1961). In this instance, through the terms of this Court's judgment and mandate, we find and hold that the trial court acquired limited or special jurisdiction of the aggravated perjury case to do whatever was reasonably necessary to ensure that this Court's judgment and mandate were carried out. Cf. *Houlihan v. State*, 579 S.W.2d 213, 217 (Tex.Cr.App. 1979).

We find that our holding conforms to the general rule that when a conviction is *affirmed* by this Court, as occurred in the appellant's aggravated perjury cause, although general jurisdiction is not restored in the trial court, the trial court is nevertheless vested with special or limited jurisdiction to see that this Court's judgment was executed and its mandate carried out. *State v. Klein,* supra.

We again point out that we are not dealing with the forfeiture of a bail bond. Instead, we are only concerned with whether the trial court, in observing that this Court's judgment was executed and this Court's mandate was carried out, acted improperly when it put appellant's aggravated perjury case on the court's August 11, 1981 docket. We are unable to conclude that the trial court acted improperly or unlawfully when it ordered that appellant's aggravated perjury case was to be put on the court's August 11, 1981 docket, or acted improperly or unlawfully when the cause was put on the docket for that date.

■ Appellant also asserts that he was not legally required to appear on the scheduled date because the jury charge in the aggravated perjury cause was fundamentally defective. Appellant does not cite any authority, nor has our research revealed any, that would support his contention. In *Pizzi v. State,* 469 S.W.2d 576 (Tex.Cr.App. 1971), this Court held that a defective charging instrument did not justify or excuse the defendant's failure to appear. It upheld the trial court's decision to forfeit the defendant's bail bond for failure to appear. In principle, we believe that this Court's holding in *Pizzi v. State,* supra, disposes of appellant's contention because if a defective charging instrument will not excuse or justify a failure to appear, we are unable to understand how a fundamentally defective jury charge might justify or excuse appellant's failure to appear in this cause.

The judgment of the court of appeals is affirmed.

CLINTON, J., dissents.