Nasser SHARIFI, Appellant,

v.

YOUNG BROTHERS, INC., Appellee.

No. 10–92–001–CV.

Court of Appeals of Texas,
Waco,

July 22, 1992.

Rehearing Denied Aug. 19, 1992.

Thomas L. Kolker, Greenstein & Kolker, Austin, for appellant.

Beverly Willis Bracken, John T. Hawkins, Naman, Howell, Smith & Lee, P.C., Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

Article 5159a, the so-called "Texas Davis–Bacon Act," requires contractors and subcontractors employing laborers, workmen, and mechanics "in the execution of any contract or any contracts for public works" to pay the prevailing wage rate. TEX.REV.CIV.STAT.ANN. art. 5159a, § 1 (Vernon 1987). The question presented is whether a truck driver delivering construction materials from a contractor's storage facility to a highway construction site is then employed "in the execution of [the] contract." We hold that the legislature intended such an employee to be covered by the Act. Accordingly, we reverse the summary judgment that the employee take nothing in his suit against the contractor for the difference between the wages he actually received and the prevailing wage while delivering material to the construction site.

Young Brothers, Inc., a highway construction company, employed Nasser Sharifi from 1984 until August 15, 1989. Shari-

fi's job was to drive a truck loaded with materials (sand, clay, and gravel) from Young Brothers' storage facility to highway construction sites, deposit the materials, and then return for another load. Young Brothers paid Sharifi an hourly wage that ranged between $4.60 and $5.50, which was less than the prevailing wage set for highway projects, but did pay him the prevailing rate for the time he was actually on the construction site moving materials. Sharifi sued Young Brothers for the difference between the wages he actually received and the wages he would have received had he been paid the prevailing rate. The court granted Young Brothers a take-nothing summary judgment on the ground that, as a matter of law, the time Sharifi spent delivering materials to the job sites was excluded from the Act's coverage.

Disposition of this appeal necessarily turns upon what the legislature intended when it enacted this portion of article 5159a in 1933:

> Sec. 1. Not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the work is performed, and not less than the general prevailing rate of per diem wages for legal holiday and overtime work, shall be paid to all laborers, workmen and mechanics employed by or on behalf of the State of Texas, or by or on behalf of any county, city and county, city, town, district or other political subdivision of the State, engaged in the construction of public works, exclusive of maintenance work. Laborers, workmen, and mechanics employed by contractors or subcontractors *in the execution of any contract* or contracts for public works with the State, or officer or public body thereof, or *in the execution of any contract* or contracts for public work, with any county, city and county, city, town, district or other political subdivision of this State, or any officer or public body thereof, shall be deemed to be employed upon public works.

*See id.* (emphasis added). Specifically, we must determine what the legislature intended to be included in the phrase "in the execution of any contract." Did it intend to exclude, as Young Brothers argues, time spent delivering materials to a job site. The company bases its interpretation on case law construing the federal Davis–Bacon Act. *See* 40 U.S.C. § 276a(a) (West 1986); *Building & Const. Trades Dept. v. Dept. of Labor,* 932 F.2d 985, 990 (D.C.Cir. 1991); *H.B. Zachry Company v. United States,* 344 F.2d 352, 361, 170 Ct.Cl. 115 (1965). Sharifi contends that an employee delivering materials to a public-works job site is engaged in the execution of the contract as much as an employee working at the job site.

■ The intention of the legislature must be ascertained from the language of the statute, if possible. *Minton v. Frank,* 545 S.W.2d 442, 445 (Tex.1976). The legislature's manifest objective is stated in explicit language: to provide for the payment of not less than the general prevailing rate of wages on public works. *See* TEX.REV. CIV.STAT.ANN. art. 5159a, § 1 (Vernon 1987).

■ The problem lies in the legislature's failure to define the phrase "in the execution of any contract," which is the provision limiting the statute's coverage. Because it did not define the term "execution," a word of common usage, we must give it its ordinary and common meaning. *See Satterfield v. Satterfield,* 448 S.W.2d 456, 459 (Tex.1969). Black's Law Dictionary defines "execution" as "the completion, fulfillment, or perfecting of anything, or carrying it into operation and effect." BLACK'S LAW DICTIONARY 510 (5th ed. 1979). Based on this definition, we conclude that the legislature intended that employees delivering materials to a Texas public-works construction site be included within the coverage of the Act. Young Brothers' construction contracts could not have been completed without materials being delivered to the work site. Sharifi's work was as directly related to and as essential to completion and fulfillment of the contracts as the work of employees using the materials at the job site.

Young Brothers asserts, however, that article 5159a should be construed in the

same manner as the federal Davis–Bacon Act, which requires contractors to pay prevailing wage rates to employees "employed directly upon the site of the work." *See* 40 U.S.C. § 276a(a) (West 1986). Case law has interpreted the federal Act as excluding employees delivering standard materials to the job site. *Building & Const. Trades Dept.*, 932 F.2d at 990; *H.B. Zachry Company*, 344 F.2d at 361.

■ When a federal statute is adopted in a statute of this state, a presumption arises that the legislature knew and intended to adopt the construction placed on the federal statute by federal courts. *State v. Klein*, 154 Tex.Crim. 31, 224 S.W.2d 250, 253 (1949). This rule of construction is applicable, however, only if the state and federal acts are substantially similar and the state statute does not reflect a contrary legislative intent. *Compare Klein*, 224 S.W.2d at 253; *Blackmon v. Hansen*, 140 Tex. 536, 169 S.W.2d 962, 964–65 (1943).

■ After comparing the two statutes, we conclude that their coverage provisions are not substantially similar and that the legislature clearly intended to broaden the coverage of article 5159a when it selected the phrase "in the execution of any contract" rather than the phrase "employed directly upon the site of the work" found in the federal Act. The federal Act is by its plain language more restrictive in its coverage than the Texas Act. Under the circumstances, we must determine and follow the intent of the legislature when it adopted a statute with obviously broader coverage. Thus, the federal cases cited by Young Brothers are not controlling in determining the coverage of the Texas Act.

Young Brothers correctly points out that article 5159a is not applicable to every employee who has some connection with a public-works project. Obviously, a line of demarcation must be drawn at some point, but we need not attempt to definitively draw that line here. Our holding is a limited one, based upon the specific facts of this case. We hold that a truck driver is entitled to the prevailing wage rate for time spent delivering materials to a highway construction site because he is employed "in the execution of [the] contract."

We reverse the summary judgment and remand the cause for a trial.