Gregory James Maibauer v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-192-CR

     GREGORY JAMES MAIBAUER,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 220th District Court
Bosque County, Texas
Trial Court # 97-02-12008 BCCR
                                                                                                                

O P I N I O N
                                                                                                                

      A jury convicted Appellant Gregory James Maibauer of felony driving while intoxicated. See
Tex. Pen. Code Ann. § 49.09(b) (Vernon Supp. 1998). Maibauer pled true to a prior felony
DWI conviction alleged for general enhancement purposes, and the jury sentenced him to fifteen
years’ confinement and a $5,000 fine. See id. § 12.42(a)(3) (Vernon Supp. 1998).
      Maibauer presents three issues in which he claims: (1) the State improperly used a prior
felony DWI conviction under the general enhancement provisions of the Penal Code; (2) the
admission of his other prior DWI convictions during the guilt-innocence phase of trial was unduly
prejudicial because he had agreed to stipulate to those convictions; and (3) the State injected new
and harmful facts about the details of a prior conviction during closing argument in the punishment
phase of trial. We will affirm the judgment.
FACTUAL BACKGROUND
      The indictment alleges that Maibauer committed the primary offense of DWI on or about
January 25, 1997. The indictment alleges three prior misdemeanor DWI convictions and one prior
felony DWI conviction to elevate Maibauer’s offense to a third-degree felony. See Williams v.
State, 946 S.W.2d 886, 898-99 (Tex. App.—Waco 1997, no pet.); Tex. Pen. Code Ann. §
49.09(b). The indictment alleges an additional prior felony DWI conviction under the general
enhancement provisions of the Penal Code to enhance the punishment for Maibauer’s offense to
a second-degree felony. Id. § 12.42(a)(3); 49.09(f).
      Before trial, Maibauer filed motions to quash the indictment and to strike surplusage from the
indictment. On the same day he filed a stipulation that he had in fact been previously convicted
of two of the misdemeanor DWI’s alleged to elevate the present offense to a felony. The motion
to quash asked the court to quash the prior felony DWI alleged under the general enhancement
statute. The court overruled this motion. The motion to strike asked the court in view of the
stipulation to “strike from the indictment all references to prior convictions” and further instruct
the State “to refrain from reading from the indictment any references to his prior convictions.” 
The court implicitly denied this motion by allowing the State to read the allegations of prior
convictions to the jury and offer evidence of them during trial. See Rey v. State, 897 S.W.2d 333,
336 (Tex. Crim. App. 1995).
      At trial, Maibauer presented a motion in limine asking the court to instruct the State to
approach the bench before making any statement or offering any evidence concerning the alleged
prior convictions. The court implicitly overruled this motion. Id. He presented an additional
stipulation to the other two prior DWI convictions alleged to elevate the primary offense to a
felony. He presented a motion for the court to compel the State to elect any two of the prior DWI
convictions on which it would rely to elevate the underlying offense to a felony and to instruct the
State to read to the jury the allegations of only those two offenses. The court denied this motion.
      Maibauer pled not guilty to the allegations of the indictment. When the State offered evidence
of the four prior DWI convictions alleged to elevate the offense to a felony, Maibauer objected
on the same bases asserted in his previous motions. Specifically, he argued that because the State
needs only two prior DWI convictions to make the present offense a felony, allowing proof of
additional allegations could only prejudice the jury and deny him a fair trial, due process and equal
protection. The court overruled the objections.
      The jury found Maibauer guilty as charged and sentenced him as indicated above.
SECTION 49.09(f)
      The first issue presented questions whether the State can use a prior felony DWI conviction
under the general enhancement provisions of the Penal Code in the prosecution of a subsequent
DWI offense. Prior to the enactment of section 49.09(f) of the Penal Code, the State could not
use a felony DWI in this manner. See Phifer v. State, 787 S.W.2d 395, 396 (Tex. Crim. App.
1990). Section 49.09(f) provides:
(f) A conviction may be used for purposes of enhancement under this section or
enhancement under Subchapter D, Chapter 12 (Tex. Pen. Code Ann. § 12.41 et seq.),
but not under both this section and Subchapter D.

Tex. Pen. Code Ann. § 49.09(f) (footnote omitted).
      Under Maibauer’s reading of this provision, the State cannot “enhance an offense under both
Subchapter D, Chapter 12 and § 49.09 of the Texas Penal Code.” When construing a statute
however, we must apply the plain meaning of the language used in the statute. State v. Mancuso,
919 S.W.2d 86, 87 (Tex. Crim. App. 1996). On its face, section 49.09(f) prohibits the use of a
prior DWI conviction for enhancement under both section 49.09 and Subchapter D, Chapter 12. 
Thus, Maibauer misreads the statute. From our reading of section 49.09(f) we conclude that the
State can use a prior felony DWI conviction under section 12.42 of the Penal Code for
enhancement purposes so long as that prior conviction is not also used to elevate the alleged
offense to a felony under section 49.09(b).
      Our reading of the statute finds further support in the fact that the Legislature significantly
altered the felony DWI statute when it enacted section 49.09. Under the former article
6701l—1(e), a person could be convicted of felony DWI if he had “previously been convicted two
or more times of [DWI].” Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen.
Laws 1568, 1576, repealed by Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.15, 1993 Tex.
Gen. Laws 3586, 3704 (article 6701l—1(e)). The Court of Criminal Appeals has construed
identical language in the felony theft statute to mean “a defendant’s prior theft convictions,
regardless of their number or degree, cannot serve to enhance the punishment for a subsequent
theft of less than [$1,500] beyond that of a [state jail] felony.” “To this extent, [section
31.03(e)(4)(D)] constitutes a special enhancement statute which controls over the provisions of
Sec. 12.42, supra.” Rawlings v. State, 602 S.W.2d 268, 270 (Tex. Crim. App. [Panel Op.] 1980)
(construing what is now codified as Tex. Pen. Code Ann. § 31.03(e)(4)(D) (Vernon Supp.
1998)). Section 49.09(b) provides that a person can be convicted of felony DWI if he “has
previously been convicted two times of [DWI].” Tex. Pen. Code Ann. § 49.09(b). Because the
legislature eliminated the “two or more” previous convictions language, the felony DWI statute
is no longer the special enhancement statute it previously was, and when read together with section
49.09(f), it does not control over the general enhancement provisions of section 12.42. For these
reasons, we overrule Maibauer’s first issue.
OLD CHIEF v. UNITED STATES
      The second issue presented urges us to adopt the United States Supreme Court’s interpretation
of Rule 403 of the Federal Rules of Evidence announced in Old Chief v. United States as we apply
Rule 403 of the Texas Rules of Criminal Evidence to this case. 519 U.S. ___, 117 S. Ct. 644,
136 L. Ed. 2d 574 (1997). Maibauer argues that the court abused its discretion by allowing
evidence of the four prior DWI convictions alleged and proved during the guilt-innocence phase
of trial after he offered to stipulate to them because the probative value of this evidence was
substantially outweighed by the danger of unfair prejudice to him. See Tex. R. Crim. Evid. 403,
49 Tex. B.J. 223 (Tex. Crim. App. 1986, repealed 1998).



      The State responds that Maibauer failed to properly preserve this issue for our review because
he did not object to the admission of his prior convictions on this basis. Before the court admitted
any evidence of the prior convictions, Maibauer objected on the same grounds he had asserted in
his pretrial motions. The court implicitly overruled the objection by admitting the evidence. See
Rey, 897 S.W.2d at 336. Thus, Maibauer preserved any error arising from the court’s admission
of this evidence. See Tex. R. App. P. 52(a), 49 Tex. B.J. 573 (Tex. Crim. App. 1986, repealed
1997).



      In Old Chief, the Supreme Court applied the federal version of Rule 403 to the federal felon
in possession statute. See 18 U.S.C.A. § 922(g)(1) (West Supp. 1998).


 The defendant had asked
the trial court not to allow the government to make any statements or offer any evidence
concerning his prior conviction. He offered to stipulate that he had been convicted of an offense
which met the requirements of the statute so that the only question left for the jury would be
whether he had in fact possessed a firearm. The government refused to join in the stipulation, and
the trial court denied his request. Old Chief, 117 S. Ct. at 647-48.
      The Court held in a 5-4 decision that in view of the defendant’s willingness to stipulate the
fact of the prior conviction the probative value of any extrinsic evidence of the conviction was
substantially outweighed by the danger of unfair prejudice because:
[t]he most the jury needs to know is that the conviction admitted by the defendant falls
within the class of crimes that Congress thought should bar a convict from possessing a
gun, and this point may be made readily in a defendant's admission and underscored in
the court's jury instructions. Finally, the most obvious reason that the general
presumption that the prosecution may choose its evidence is so remote from application
here is that proof of the defendant's status goes to an element entirely outside the natural
sequence of what the defendant is charged with thinking and doing to commit the current
offense. Proving status without telling exactly why that status was imposed leaves no gap
in the story of a defendant's subsequent criminality, and its demonstration by stipulation
or admission neither displaces a chapter from a continuous sequence of conventional
evidence nor comes across as an officious substitution, to confuse or offend or provoke
reproach.
 
Given these peculiarities of the element of felony-convict status and of admissions
and the like when used to prove it, there is no cognizable difference between the
evidentiary significance of an admission and of the legitimately probative component of
the official record the prosecution would prefer to place in evidence. For purposes of the
Rule 403 weighing of the probative against the prejudicial, the functions of the competing
evidence are distinguishable only by the risk inherent in the one and wholly absent from
the other. In this case, as in any other in which the prior conviction is for an offense
likely to support conviction on some improper ground, the only reasonable conclusion
was that the risk of unfair prejudice did substantially outweigh the discounted probative
value of the record of conviction, and it was an abuse of discretion to admit the record
when an admission was available.

Id. at 655.
      The language of the Texas criminal version of Rule 403 is materially identical to its federal
predecessor.


 Montgomery v. State, 810 S.W.2d 372, 376 n.2 (Tex. Crim. App. 1990), set aside
on reh’g, 810 S.W.2d 372, 397 (Tex. Crim. App. 1991). Both provide in pertinent part:
Although relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice . . . .

Tex. R. Crim. Evid. 403; Fed. R. Evid. 403. “[I]t is a generally accepted rule of statutory
construction that when the [Court of Criminal Appeals] adopts a ‘foreign’ [rule] it also adopts the
construction of that [rule] by the foreign jurisdiction[] occurring prior to the Texas enactment.” 
State v. Moreno, 807 S.W.2d 327, 332 n.5 (Tex. Crim. App. 1991) (construing statute adopted
from federal law); see also King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (using
federal case to construe new harmless error rule). In the Court of Criminal Appeals’ seminal
decision construing Rule 403, the Court noted, “[C]ases and commentaries construing the federal
rules are instructive to our interpretation of provisions of Article IV of our own Rules of Criminal
Evidence.” Montgomery, 810 S.W.2d at 387 n.2;


 accord Rodda v. State, 745 S.W.2d 415, 418
(Tex. App.—Houston [14th Dist.] 1988, pet. ref’d). Prior federal decisions should be followed
unless Texas statutes require a different conclusion. See State v. Klein, 154 Tex. Crim. 31, 38,
224 S.W.2d 250, 253-54 (1949). Because Old Chief was announced subsequent to the adoption
of Texas Rule 403, it is not binding. See Moreno, 807 S.W.2d at 332 n.5; Brown v. State, 700
So. 2d 447, 448 (Fla. Dist. Ct. App. 1997) (declining to follow Old Chief in light of prior Florida
case law to the contrary).


 However, we decline to follow it because it is distinguishable for the
reasons set forth herein.
      Article 36.01(a)(1) of the Code of Criminal Procedure provides:
The indictment or information shall be read to the jury by the attorney prosecuting. 
When prior convictions are alleged for purposes of enhancement only and are not
jurisdictional, that portion of the indictment or information reciting such convictions shall
not be read until the hearing on punishment is held as provided in Article 37.07.

Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (Vernon Supp. 1998). The reading of the
indictment under article 36.01 is mandatory. Warren v. State, 693 S.W.2d 414, 415 (Tex. Crim.
App. 1985); Limon v. State, 838 S.W.2d 767, 768 (Tex. App.—Corpus Christi 1992, no pet.). 
Prior DWI convictions alleged to elevate the primary offense to a felony are jurisdictional and are
not enhancement allegations only. Williams, 946 S.W.2d at 898-99; Addington v. State, 730
S.W.2d 788, 790 (Tex. App.—Texarkana 1987, pet. ref’d). Thus, article 36.01 requires that these
jurisdictional allegations be read to the jury to commence the guilt-innocence phase of a felony
DWI trial. Accordingly, this statute dictates that we not adopt the reasoning of Old Chief. See
Klein, 154 Tex. Crim. at 38, 224 S.W.2d at 253-54.
      The Supreme Court observed in Old Chief that because the federal statute applies to nearly
any offense requiring imprisonment for more than one year (i.e., a “generic” felony requirement),
the government has no great need to inform a federal jury of the nature of the previous conviction. 
Old Chief, 117 S. Ct. at 655. Thus, such information bears slight probative value in light of the
danger of unfair prejudice. Id.; see also State v. Hamilton, 486 S.E.2d 512, 515 (S.C. App.
1997).
      Unlike the federal statute in Old Chief, section 49.09(b) requires proof of two prior DWI
convictions. Tex. Pen. Code Ann. § 49.09(b). Thus, the probative value of the evidence of
Maibauer’s prior DWI convictions is greater than the “generic” felony required by the federal
statute. Accord Hamilton, 486 S.E.2d at 515;


 contra State v. Alexander; 214 Wis. 2d 627, 571
N.W.2d 662, 668-72 (Wis. 1997).


 Accordingly, section 49.09(b) dictates that we not adopt the
reasoning of Old Chief. See Klein, 154 Tex. Crim. at 38, 224 S.W.2d at 253-54.
      Maibauer also argues that allowing the State to introduce evidence of more than two prior
DWI convictions is unfairly prejudicial because section 49.09(b) requires proof of only two prior
DWI convictions to make a felony. However, the Court of Criminal Appeals rejected this
argument many years ago. May v. State, 171 Tex. Crim. 497, 498-99, 350 S.W.2d 924, 925
(1961). Since then, the Court has continued to affirm the principle that “the State may allege as
many of a defendant’s prior [ ] convictions as he has.” Carter v. State, 676 S.W.2d 353, 355 n.3
(1984); accord Turner v. State, 750 S.W.2d 48, 51 (Tex. App.—Fort Worth 1988, no pet.).
      For these reasons, we decline to follow the reasoning of Old Chief and overrule Maibauer’s
second issue.
IMPROPER JURY ARGUMENT
      The third issue presented argues that the State injected new and harmful facts in its argument
during the punishment phase of trial which prejudiced the jury. During the punishment phase, the
State offered evidence of Maibauer’s 1986 misdemeanor conviction for criminally negligent
homicide. According to the judgment and sentence offered in evidence, Maibauer was charged
by indictment with involuntary manslaughter but pled guilty to this lesser included offense. The
State also offered Maibauer’s stipulation of evidence which he made in connection with his plea
of guilty to the homicide charge. The stipulation reads in pertinent part as follows:
[O]n or about the 12th day of May, A.D. 1984, in Bosque County, Texas, I did then and
there with criminal negligence cause the death of an individual, Veronica Cavazos, by
driving a motor vehicle in which the said Veronica Cavazos was a passenger at a rate of
speed in excess of one hundred (100) miles per hour; and as a result of such excessive
rate of speed, I lost control of said vehicle and struck a culvert; and, as a result of which
collision the said Veronica Cavazos was thrown from said motor vehicle and was killed.

The State referenced this conviction in its closing argument with this rhetorical question, “What
about criminally negligent homicide where you get drunk and you run into a culvert--?”
      Maibauer objected that the State was arguing facts outside the record. The prosecutor
responded that he believed the stipulation supported this argument. The court reviewed the above-quoted stipulation and sustained the objection. At Maibauer’s request, the court instructed the jury
to disregard the prosecutor’s statement but denied his request for a mistrial.
      Appropriate jury argument includes:
      (1)  summation of the evidence;
      (2)  reasonable deduction from the evidence;
      (3)  answer to opposing counsel’s argument; and
      (4)  a plea for law enforcement.
Cantu v. State, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997). Under prior case law, improper
argument required reversal only if it was “extreme or manifestly improper, or inject[ed] new and
harmful facts into evidence.” Id. An instruction to disregard usually cures improper argument
“unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by
such an admonishment.” Bower v. State, 769 S.W.2d 887, 907 (Tex. Crim. App. 1989).
      Under our new appellate rules however, we must disregard improper jury argument unless
we determine that it affected an appellant’s substantial rights. Tex. R. App. P. 44.2(b);
Coggeshall v. State, No. 2-96-599-CR, slip op. at 8, 1998 WL 34225, at *3 (Tex. App.—Fort
Worth Jan. 15, 1998, pet. filed). “A substantial right is affected when the error had a substantial
and injurious effect or influence in determining the jury’s verdict.” King, 953 S.W.2d at 271
(citing Kotteakos v. United States, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253, 90 L. Ed. 1557
(1946)).
      In this case, the State was presenting argument concerning Maibauer’s past criminal record. 
The prosecutor suggested that his five prior DWI convictions (including two felonies), an evading
arrest conviction, and the homicide conviction had not changed his behavior. The State argued
that this required the jury to sentence Maibauer to the maximum penalty because the criminal
justice system had not yet gotten his attention and because society needs to be protected from him. 
The jury sentenced Maibauer to five years less than the maximum allowed by law.
      After considering the extent of Maibauer’s prior criminal history, the court’s instruction to
disregard, and the fact that the jury sentenced him to less than the maximum allowed, we conclude
that the State’s argument did not affect his substantial rights. Tex. R. App. P. 44.2(b);
Coggeshall, slip op. at 8-9, 1998 WL 34225, at *3. Accordingly, we overrule Maibauer’s third
issue.
      We affirm the judgment.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice


Before Chief Justice Davis
      Justice Cummings and
      Justice Vance
Affirmed
Opinion delivered and filed April 22, 1998
Publish