In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-160 CR


NO. 09-06-161 CR


____________________



JANET HARRELSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 253rd District Court 


Liberty County, Texas


Trial Cause Nos. CR24515, CR24516






MEMORANDUM OPINION
 Janet Harrelson appeals the judgments nunc pro tunc requested by the State and
entered by the trial court amending the date her terms of community supervision were to
begin. We reverse and remand.

 A jury found Harrelson guilty of forgery in Cause Number 24,515 and tampering with
governmental record in Cause Number 24,516. On October 22, 2003, the trial court
sentenced Harrelson to ten years' incarceration in the Texas Department of Criminal Justice -
Institutional Division, probated for ten years, a $10,000 fine, and court costs in Cause
Number 24,515. Harrelson also received a sentence for two years' incarceration in the Texas
Department of Criminal Justice - State Jail Division, probated for five years, a $5,000 fine,
and court costs in Cause Number 24,516. 

 On December 22, 2004, this Court affirmed both convictions. Harrelson v. State, 153
S.W.3d 75 (Tex. App.--Beaumont 2004, pet. ref'd). The Court of Criminal Appeals refused
her petitions for discretionary review and this Court issued mandates on December 27, 2005. 
The State filed a motion to enter judgment nunc pro tunc in each case and requested the court
add the following language to each of the original judgments: "Defendant appealed. 
Judgment of conviction affirmed. Mandate executed on December 27, 2005. Sentence begin
date: December 27, 2005." The trial court granted the motions and directed the court clerk
to prepare and enter the judgments nunc pro tunc. On March 28, 2006, the trial court signed
the judgments nunc pro tunc with the additional language. 

 When an appeal is taken from a criminal conviction assessing a probated sentence, the
terms of community supervision do not commence until mandate from the appellate court,
effecting final disposition of the appeal, is issued. See Surety Corp. Of Am. v. State, 550
S.W.2d 689, 690 (Tex. Crim. App. 1977); Delorme v. State, 488 S.W.2d 808, 810 (Tex.
Crim. App. 1973). After the mandates issued affirming Harrelson's convictions, the State
filed its motions for entry of judgment nunc pro tunc to effectuate the mandates and have the
judgments reflect the date the terms of Harrelson's community supervision would commence. 
 Harrelson appeals the trial court's entry of the judgments nunc pro tunc. She
maintains the judgments nunc pro tunc are void because they do not correct clerical errors
from the original judgments. She also asserts that the wording "Begin sentence date:
December 27, 2005," added by the trial court at the State's request, implies Harrelson has
violated her probation and, in effect, modifies the original judgment. 

 A defendant may appeal the trial court's entry of a judgment nunc pro tunc. See
Moore v. State, 446 S.W.2d 878, 879 (Tex. Crim App. 1969). Harrelson's right of appeal
before this Court is limited to the validity of the nunc pro tunc entry. See id. The purpose
of a judgment nunc pro tunc is to correctly reflect, from the records of the court, a judgment
actually made by it, but which for some reason was not entered of record at the proper time. 
Ex parte Poe, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). A trial court may enter a
judgment nunc pro tunc to correct clerical errors in a judgment, but not judicial errors. Id. 
A clerical error does not result from judicial reasoning or determination. Id. A judgment
nunc pro tunc is improper when it has the effect of making a new order. Ex parte Dickerson,
702 S.W.2d 657, 658 (Tex. Crim. App. 1986). Moreover, once a defendant appeals, the
court's ability to correct "a failure to render judgment and pronounce sentence" by entering
a judgment nunc pro tunc ceases. Tex. R. App. P. 23.1.

 On this record, the judgments nunc pro tunc were not the proper vehicles to effectuate
this Court's mandates. By adding the language requested by the State, the trial court
modified the original judgments. The modifications were not to correctly reflect the trial
court's original judgments, but to create new judgments effectuating the mandates. Even if
the modifications were construed as correcting clerical errors, the judgments nunc pro tunc
are void because they were entered after Harrelson appealed. The trial court erred in entering
the judgments nunc pro tunc. See Poe, 751 S.W.2d at 876; Dickerson, 702 S.W.2d at 658. 

 Although we agree with Harrelson that the trial court should not have entered the
judgments nunc pro tunc, the trial court acquired jurisdiction to enforce the mandates upon
their issuance. See Yarbrough v. Texas, 703 S.W.2d 645, 649 (Tex. Crim. App. 1985) (citing
State v. Klein, 154 Tex. Crim. 31, 224 S.W.2d 250 (1949)). When a conviction is affirmed
by this Court, generally the trial court acquires special or limited jurisdiction to ensure that
this Court's judgment is executed and its mandate carried out. Id. After an appeal, the trial
court is only authorized to order execution of the sentence previously pronounced, and to
perform such other ministerial duties as required by law. State ex. rel Wilson v. Harris, 555
S.W.2d 470, 472 (Tex. Crim. App. 1977). In this case, both mandates issued by this Court
commanded the trial court to "in all things have [the mandate] duly recognized, obeyed and
executed." This language requires the trial court to "take whatever reasonable action it
deem[s] necessary to see that this Court's judgment [is] executed." Yarbrough, 703 S.W.2d
at 648. 

 The trial court erred in entering the judgments nunc pro tunc but has jurisdiction to
enforce this Court's mandates. We reverse the trial court's judgments nunc pro tunc and
remand for the trial court to take reasonable action to effectuate the mandates. 

 REVERSED AND REMANDED.


 __________________________________

 CHARLES KREGER

 Justice


Submitted on October 5, 2006

Opinion Delivered March 7, 2007

Do not publish


Before Gaultney, Kreger and Horton, JJ.