NO. 07-10-00423-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 7, 2011

RAMONE COLEMAN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY;

NO. 1163456; HONORABLE BRENT A. CARR, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Ramone Coleman, appeals his conviction for the offense of driving while intoxicated,[1] enhanced by one prior misdemeanor conviction.[2] Appellant was sentenced to confinement in the Tarrant County Jail for a period of 240 days and a fine of $600, with the period of confinement being suspended and appellant placed on community supervision for a period of 24 months. Appellant appeals through two issues contesting the jurisdiction of the trial court to try him for the offense of DWI. We will affirm.

---

[1] See TEX. PENAL CODE ANN. § 49.04(a) (West 2011).

[2] See id. § 49.09(a) (West 2011).

Factual Background

On June 7, 2009, Staff Sergeant Douglas Olive was working the entry gate at the Naval Air Station, Joint Reserve Base (JRB), near Fort Worth, Texas. Olive observed a vehicle approaching the entry gate on Pumphrey Street. Pumphrey Street is public street located in Westworth Village, Tarrant County, Texas. Upon stopping the vehicle to ascertain the driver's credentials for entry on the base, Olive smelled a strong odor of an alcoholic beverage emanating from the vehicle. Appellant was identified as the driver of the vehicle.

Olive requested that appellant step out of the vehicle and, after ascertaining that the smell was coming from appellant as opposed to the interior of the vehicle, directed appellant to have a seat on the curb. As appellant got out of the car and moved to the curb as directed, Olive noticed a slight sway in appellant's walk. The area that appellant was directed to sit in was outside of the entry to the base. Olive notified his supervisor, MA2[3] Gabriel Zuniga, and Zuniga requested his communications center to notify the Westworth Village police department. Subsequently, Officer Oscar Mendez of the Westworth Village police arrived and assumed detention of appellant, pending the officer's investigation of appellant for the offense of DWI. Mendez conducted field sobriety tests on appellant and subsequently arrested him for DWI.

At trial, appellant's counsel examined both Olive and Zuniga extensively about where the DWI incident took place. Both witnesses consistently explained that the driving they observed occurred on Pumphrey Street prior to the entry gate at the JRB.

_____

[3] MA stands for Master at Arms.

Additionally, Olive's direct testimony was that, when he asked appellant to step out of the car and have a seat on the curb, the car and appellant were both outside of the boundary line of the base, thus off the federal installation.

At trial, appellant entered a plea of not guilty to the primary offense, DWI, and a plea of true to the prior misdemeanor enhancement allegation. After a bench trial, the trial court found appellant guilty of DWI and the enhancement allegation true. The trial court sentenced appellant to confinement for 240 days in the Tarrant County Jail and a fine of $600; however, the trial court further suspended the term of confinement and placed appellant on community supervision for a period of 24 months. Appellant appeals his conviction through two issues. First, appellant contends that the trial court lacked jurisdiction to hear appellant's case. Second, appellant contends that the evidence was insufficient to show beyond a reasonable doubt that the trial court had jurisdiction. We disagree with appellant, for the reasons hereinafter set forth, and will affirm the judgment of the trial court. We will discuss both issues raised by appellant's brief together.

## Jurisdiction

It is beyond question that, if a court is to act on an issue or an individual, that court must have jurisdiction over the person of the defendant and the subject matter of the criminal offense. See State v. Klein, 154 Tex. Crim. 31, 224 S.W.2d 250, 252 (Tex.Crim.App. 1949). The issue of whether a court has subject matter jurisdiction is a question of law. See Tex. Dep't of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). According to the Texas Government Code, a statutory county court has

3

jurisdiction over all causes and proceedings prescribed by law for county courts. See TEX. GOV'T CODE ANN. § 25.0003 (West Supp. 2010).[4] Section 25.2223 prescribes the jurisdiction for the Tarrant County Criminal Courts to those matters prescribed by law for county courts. See § 25.2223 (West 2004). There is no question presented in the case before the Court about the jurisdiction of the Tarrant County Criminal Courts as to cases arising within the geographic confines of Tarrant County.

Appellant's complaint is that the offense for which he was charged did not arise within the confines of Tarrant County; rather, appellant contends that the offense occurred on the federal installation known as the JRB. Citing Lasher v. State, 30 Tex.Ct.App. 387, 17 S.W. 1064 (1891), appellant contends that exclusive jurisdiction lies in federal court. In this contention, appellant is in error for the offense that appellant was charged with was DWI. The gravamen of a DWI charge is driving in a public place while intoxicated. See TEX. PENAL CODE ANN. § 49.04(a).[5] A public place is further defined as "any place to which the public or a substantial group of the public has access and includes, . . . streets." See § 1.07(a)(40)(West 2011). Finally, this state has jurisdiction over an offense that is committed inside this state. See § 1.04(a)(1)(West 2011).

The record reveals that the appellant was driving on Pumphrey Street in Westworth Village, Tarrant County, Texas. Further, the record affirmatively demonstrates that appellant was never allowed to drive on the federal installation. The

---

[4] Further reference to the Texas Government Code will be by reference to "section ___" or "§ ___."

[5] Further reference to the Texas Penal Code will be by reference to "§ ____."

testimony of Olive clearly shows that appellant was stopped at the gate. Olive's testimony was that appellant was not allowed on the installation; rather, appellant was stopped to show his credentials before entering the installation. Olive testified that the JRB had a policy of verifying the credentials of 100% of the individuals who approached the gate of the installation with intent to enter. It was only when appellant was stopped to show his credentials that Olive noticed the strong odor of an alcoholic beverage emanating from the car. It was after Olive verified that the odor was coming from appellant and directed appellant to sit on the curb that Olive's supervisor, Zuniga, called the civilian authorities. The record is devoid of any indication that appellant ever drove on the JRB.

Based upon this record, we conclude that the offense occurred on Pumphrey Street in Tarrant County, Texas. Accordingly, the trial court had jurisdiction over the offense. See Tex. Gov't Code Ann. §§ 25.0003, 25.2223. Appellant's issues are overruled.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment of conviction.

Mackey K. Hancock
Justice

Do not publish.