**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 17, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00195-CR

## IN RE WILLIAM MARK RHODES, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1259408**

## MEMORANDUM OPINION

On March 6, 2015, relator William Mark Rhodes filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Katherine Cabaniss, presiding judge of the 248th District Court of Harris County, to rule on and grant relator's motions to compel his former

appointed counsel to surrender relator's client file.[1]  We deny relator's petition for writ of mandamus for several reasons.

To be entitled to mandamus relief compelling a trial court to rule on a properly filed motion, relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time.  *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).  Relator has not provided us with a record showing that the trial court was asked to rule on his motions.  Accordingly, relator has failed to demonstrate that he is entitled to mandamus relief.  *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (denying petition for mandamus where relator did not ask for a hearing on his motions or take any action to alert the trial court that it had not yet considered his motions).

More importantly, even had relator presented his motions to the trial court, the trial court had no legal duty to rule on the motions.  Without jurisdiction, a trial court generally has no continuing authority to act in a case.  *See, e.g.*, *State v. Klein*, 224 S.W.2d 250, 252 (Tex. Crim. App. 1949); *In re Le*, Nos. 14-14-00446-CR, 14-14-00447-CR, 2014 WL 3907991, at *3 (Tex. App.—Houston [14th Dist.] Aug. 12, 2014, orig. proceeding).  "Jurisdiction expires when a case becomes final or is taken to a higher court."  *State v. Patrick*, 86 S.W.3d 592, 596 (Tex. Crim. App. 2002) (plurality op.) (orig. proceeding).

---

[1] Relator filed two separate motions with the trial court, both seeking the same relief.

This Court previously dismissed relator's appeal of his conviction due to relator's failure to timely perfect his appeal. *See Rhodes v. State*, No. 14-13-00888-CR, 2014 WL 2825909 (Tex. App.—Houston [14th Dist.] June 19, 2014, no pet.) (mem. op., not designated for publication). The trial court's plenary power has expired, and relator has not identified any applicable statute that would give the trial court jurisdiction over a post-trial dispute between relator and his former counsel. A trial court "does not have a duty to rule on free-floating motions unrelated to currently pending actions. In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case." *In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App.—Texarkana Apr. 13, 2004, orig. proceeding) (mem. op.); *see also In re Thompson*, No. 14-14-00247-CV, 2014 WL 1482486, at *2 (Tex. App.—Houston [14th Dist.] Apr. 15, 2014, orig. proceeding) (mem. op.) ("In the absence of plenary power, the trial court had no legal duty to rule on relator's motion . . . ."). Therefore, in the absence of a statute providing the trial court with jurisdiction over relator's request that the trial court order relator's former attorney to return his client file, the trial court owes no duty to rule on such motions.

Additionally, to the extent that relator requests that we compel the trial court to grant his motions, appellate courts may not direct the trial court to make a specific ruling on a pending motion. *In re Hearn*, 137 S.W.2d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). Therefore, we may not compel the trial court to grant relator's motions.

For the reasons discussed, relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for a writ of mandamus.

3

PER CURIAM

Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).